UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUTH DOUGLAS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ARCADIA HEALTH SERVICES, INC., and DOE 1 through 100,<br><br>　　　　Defendants. | Case No: C 11-3552 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL** |

The parties are presently before the Court on Plaintiff's Motion for Preliminary Approval of Class-Action Settlement, Conditional Certification of Settlement Class, and Approval of Notice Program. Dkt. 8.[1] Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion without prejudice. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

Plaintiff Ruth Douglas filed the instant putative wage and hour class action against Defendant Arcadia Health Services, Inc., in state court on June 15, 2011. Defendant removed the action on July 19, 2011, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Shortly after filing suit, Plaintiff, without conducting any formal discovery, began negotiating with Defendant over the course of four months, and recently reached a proposed settlement. Harris Decl. ¶ 5, Dkt. 20. The key terms of the settlement call for: (1) payment of $623,000 into a gross settlement fund for the class; (2) attorneys' fees based

---

[1] Plaintiff's 22-page motion is in excess of the page limits specified in the Court's Standing Orders.

on 30% of the gross settlement fund; and (3) an incentive award of $5,000 to the class representative. Plaintiff estimates that there are 3,750 class members, and that assuming a claims response rate of less than 50%, each person filing a claim will receive a pre-tax gross amount of $300. Harris Decl. ¶ 10.[2]

## II. DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure requires judicial review of any settlement of the "claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). The decision of whether to approve a proposed class action settlement entails a two-step process. See Manual for Complex Litig. § 21.632 (4th ed. 2004). First, the court conducts a preliminary fairness evaluation. Id. Second, if the Court preliminarily approves the settlement, notice to the class is disseminated and a "fairness" or final approval hearing is scheduled. Id. At the fairness hearing, the proponents of the settlement must demonstrate that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

In determining whether to confer preliminary approval upon a proposed class settlement, the court considers whether "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . ." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litig., Second § 30.44 (1985)). The court also may consider whether the proposed settlement grants excessive compensation to the plaintiff's counsel. Harris v. Vector Marketing Corp., No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. April 29, 2011).

---

[2] The amount to be paid on each claim is based on a pro rata share of the settlement fund which correlates to the amount of time worked. Settlement ¶ 7.D. The $300 estimate is based on counsel's assumption that less than 50% of the class will submit claims. Harris Decl. ¶ 10. Thus, the actual amount of the settlement on a per class member basis appears to be approximately $150.

In the present case, Plaintiff's motion for preliminary approval and its supporting documents fail to provide sufficient information for this Court to render an informed decision on whether to preliminarily approve the settlement.

First, Plaintiff provides no information regarding the nature of the parties' negotiations leading to the settlement. See Harris Decl. ¶ 5. Though Plaintiff claims that the settlement is the product of four months of negotiations, she fails to provide any information regarding those negotiations (which appear to have taken place without the assistance of a mediator). The record also is devoid of any indicia of support for the conclusion that Plaintiff's counsel was adequately informed during those negotiations. Plaintiff admits to having conducted no discovery in this action and makes only vague references to having reviewed "information concerning payroll software, general company and employee policies, and other information regarding the class." Id. ¶ 4. As such, the record is insufficient for the Court to assess whether the settlement is the product of serious, informed, noncollusive negotiations.

Second, Plaintiff fails to supply the Court with sufficient information to determine whether the settlement falls within the range of possible approval. "To evaluate adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1080. Yet, Plaintiff provides no information regarding the percentage that the settlement represents in relation to the likely recovery that could have been obtained if the action were concluded on the merits. Although Plaintiff suggests that the settlement is fair given Defendant's "severe financial stress," she provides no facts to support her conclusory assertion. See Mot. at 18; Harris Decl. ¶ 10.

Third, the Court has concerns regarding the apparent preferential treatment provided to Plaintiff under the settlement, which grants her a $5,000 incentive award. Although that amount is not per se unreasonable, such award is over thirty times greater than the gross settlement on a per class member basis. In addition, Plaintiff neglects to provide the Court

with any information regarding her work on the case, if any, and why she should be paid a $5,000 incentive award.

Finally, the settlement appears to provide Plaintiff's counsel with excessive compensation. In cases where fees are to be paid under the percentage-of-the-recovery method, the Ninth Circuit has held that a fee award based on 25% of the common fund is the "benchmark" award. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). A departure from that benchmark requires a showing of "special circumstances." Id. Here, the settlement provides for an attorneys' fee award of up to 30% of the settlement fund. However, there is nothing in the record to indicate that there are any special circumstances justifying an award above the benchmark. To the contrary, the record shows that Plaintiff began negotiating a settlement shortly after the case was filed—without conducting any discovery or otherwise expending any time or resources in litigating this case.

### III. CONCLUSION

The Court finds that Plaintiff has failed to provide a sufficient foundation for preliminary approval of the proposed settlement. Nonetheless, Plaintiff may be able to cure the deficiencies discussed above, and therefore, the Court will permit her to renew her motion to address the deficiencies discussed above. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Motion for Preliminary Approval of Class-Action Settlement, Conditional Certification of Settlement Class, and Approval of Notice Program is DENIED without prejudice.

2. Plaintiff is granted leave to renew her motion for preliminary approval by no later than December 23, 2011. The hearing on Plaintiff's renewed motion will take place on **March 6, 2012 at 1:00 p.m.**

3. The motion hearing scheduled for December 13, 2011 is VACATED.

4. This Order terminates Docket 19.

1  IT IS SO ORDERED.

2  Dated: December 9, 2011

                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge