Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
atreanor@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 E. Blithedale Avenue, Suite 2
Mill Valley, CA 94941
Telephone: 415.388.8788
Facsimile: 415.388.8770
dsh@northbaylawgroup.com

Attorneys for Plaintiff
Ruth L. Douglas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH L. DOUGLAS, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADIA HEALTH SERVICES, INC. and DOE 1 through and including DOE 100,<br><br>Defendants. | Case No: CV-11-03552 SBA<br><br>**[PROPOSED] ORDER, JUDGMENT, AND DECREE GRANTING FINAL APPROVAL OF CLASS-ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS AND ENHANCEMENT AWARD**<br><br>Assigned to the Honorable Saundra Brown Armstrong, Oakland Courthouse, Ctrm 1, 4th Fl, 1301 Clay Street, Oakland, CA 94612<br><br>Date: April 17, 2012<br>Time: 1:00 p.m.<br>Court: Courtroom 1, 4th Floor<br><br>Complaint filed June 15, 2011 |

1	This matter having come before the Court for hearing on April 17, 2012, pursuant to the Order Granting Plaintiff's Renewed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") entered January 17, 2012, on Plaintiff's Motion for Final Approval of Class-Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Costs and Payment of Enhancement Award, and due and adequate notice having been given to the Class as defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore, it is hereby found and Ordered:

## FINDINGS

A.	All terms used herein shall have the same meaning as defined in the Settlement Agreement and General Release entered into by and between Plaintiff Ruth L. Douglas and Defendant Arcadia Health Services, Inc. ("Settlement") attached as Exhibit 1 to the Declaration of Alan Harris filed on December 23, 2011 (Docket No. 29).

B.	This Court has jurisdiction over the subject matter of each of the claims asserted in the Complaint in this action, and has personal jurisdiction over the parties to this action, including the members of the Class, and subject matter jurisdiction to approve the Settlement.

C.	Notice to the Class has been completed in conformity with the Preliminary Approval Order. The class notice provided a clear and full explanation of the settlement, the settlement process, and the rights of the Class members, including a description of the Class and each Class member's minimum settlement payment. The class notice further informed Class members that Class Counsel would be seeking an award of attorneys' fees and costs from the settlement fund. The notice provided a neutral, informative, and understandable description of the settlement, and the rights of the Class members under the settlement, and described the proposed settlement with enough specificity to enable Class members to make an informed decision regarding whether to accept and participate in the settlement.

D. Notice to the Class members, including both (1) the mailing of the Class Notice and Claim Forms as directed by the Court, and (2) the establishment of a toll-free telephone number by the Claims Administrator, has been completed in conformity with this Court's Preliminary Approval Order. The notice provided the "best practicable" notice of the settlement, constitutes valid, due, and sufficient notice, and meets the requirements for notice of a class-action settlement. The Court bases this finding, in part, on the Claims Administrator's and the parties' counsel's extensive efforts not only in initially mailing Class Notice and Claim Forms to all Class members, but in re-mailing undelivered Class Notices and Claim Forms to Class members, utilizing a third-party locator service to update Class members' addresses, and receiving and responding to telephone calls from inquiring Class members. Accordingly, this Court determines that all members of the Class, who did not timely submit a request for exclusion, are bound by this Judgment, Final Order, and Decree.

G. There were no objections to the Settlement.

H. The Settlement is fair, adequate, and reasonable, is in the best interests of the Settlement Class as a whole, and represents the best possible outcome in light of the defenses raised. In making the determination that the settlement is fair, reasonable and adequate and should be approved, the Court has considered (i) the strengths and weaknesses in Plaintiff's case, (ii) the risks, expense, complexity, and likely duration of further litigation, (iii) the risks to Plaintiff of establishing and maintaining class-action status, (iv) the monetary amount of the settlement, including the amounts of the individual payments available to Class members, (v) the extent of discovery that has been conducted by the parties, and (vi) the views of the parties' respective counsel. The settlement is the product of arms-length, serious, informed, non-collusive, and non-overreaching negotiations.

I. For purposes of this Order, Judgment, and Decree, and consistent with the Settlement, the term "Class," which is hereby certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), means the following Class: All

1 former and current AHS Hourly Employees from June 15, 2007, to the date of entry of preliminary approval of the Settlement [January 17, 2012] ("Class" or "Settlement Class").

J. Counsel for Plaintiff seek an award of attorneys' fees under the common-fund theory, which allows a litigant who recovers a common fund for the benefit of others to recover a reasonable attorneys' fee from the fund as a whole <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478 (1980).

## **ORDER**

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court hereby grants final approval of the Settlement, which is expressly incorporated by this reference and which shall have the full force and effect of an order of this Court, and hereby directs that the Settlement be consummated in accordance with its terms and conditions.

2. The Class as defined above is certified pursuant to Federal Rule of Civil Procedure 23.

3. The Court hereby approves the Settlement, including the individual settlement payments to be made to the Class members who filed timely claims. The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate to the settling Class Members.

4. In making the determination that the Settlement is fair, reasonable, and adequate, in addition to the factors set forth above, this Court notes that not a single objection was filed to the Settlement and that only five individuals elected to exclude themselves. These additional factors lead the Court to conclude that the Settlement is fair, reasonable, adequate, and supported by the Class.

5. The Settlement and this Judgment release and absolutely and forever discharge Defendant Arcadia Health Services as follows:

Class Members who do not exercise their right to exclude themselves from the settlement have released the following claims (whether or not he or she has returned a valid Claim Form) against Defendant, Arcadia Services Inc., RKDA, Inc. Arcadia Resources, Inc. and each of its officers, directors, employees, agents, direct and indirect subsidiaries or affiliated corporations, organizations, representatives, insurers, predecessors, successors, assigns, clients (and their respective officers directors, employees, agents, managers and fiduciaries) and counsel (collectively referred to as the "Released Parties") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type which are based on, arise out of, or are related to the causes of action of the Lawsuit, including but not limited to, claims made pursuant to the California Labor Code for failure to pay overtime compensation, failure to provide adequate meal periods and/or rest periods, failure to provide accurate wage statements, and failure to pay final wages in a timely fashion; claims under California Business and Professions Code section 17200 *et seq.*; and claims for civil penalties pursuant to the California Labor Code and the Private Attorneys General Act of 2004 through the Effective Date of the Agreement. This release covers all claims for interest, attorneys' fees and costs related to the Lawsuit. Class Members who have not timely returned valid Claims Form shall not share in the distribution of any part of the Settlement amount, but nevertheless shall be bound by the Release provisions of this Agreement (unless they have validly opted-out). As they relate to these Released Claims, Class Members waive all rights under California Civil Code Section 1542, or any similar statute of another jurisdiction, and understand that they are releasing known and unknown claims within the scope of this Release. Section 1542 states:

> A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(All defined terms shall have the same meaning as in the Settlement.)

5. The Court hereby enters this Order as a Judgment, and hereby decrees that, upon entry, it shall be deemed as a final judgment with respect to all claims by all members of the Class against Defendant Arcadia Health Services, Inc.

6. All members of the Class who have not filed a timely and valid request for exclusion are barred and permanently enjoined from prosecuting claims that are settled and/or released pursuant to and/or under the Settlement.

7. Ruth L. Douglas is hereby approved as representative of the Class and is approved to receive an enhancement award in the amount of $5,000 ($1,000 of said amount shall be paid from the settlement fund and the remaining $4,000 shall be paid by Class Counsel).

8. Alan Harris and Abigail Treanor of Harris & Ruble and David S. Harris of the North Bay Law Group are hereby approved as Class Counsel.

9. The Court determines that Class Counsel is entitled to an award of attorneys' fees in the amount of $155,750 and an award of costs and expenses in the amount of $2,461.26. The Court finds that the fee-and-cost award reflects the actual efforts expended by counsel in prosecuting this class action, and are supported by the lodestar crosscheck. Upon entry of this Order, the Court hereby authorizes the Claims Administrator to make payments directly to Class Counsel of the award of attorneys' fees and costs in accordance with the terms of the Settlement.

10. The Court hereby dismisses this action against Arcadia Health Services, Inc. on the merits and with prejudice and without costs other than as provided in the Settlement.

11.    All Class members who filed timely and valid Claim Forms shall participate and receive individual settlement payments in accordance with the terms of the Settlement.

12.    The Claims Administrator is hereby ordered to make the payments required under the Settlement in accordance with its terms and conditions.

13.    Without affecting the finality of this Judgment, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all members of the Class, for purposes of supervising, administering, implementing, enforcing, construing, and interpreting the Settlement, the claims process thereunder, and this Judgment.  Any disputes concerning this Judgment may be referred to a magistrate judge of this Court for a report and recommendation.

**IT IS SO ORDERED.**

Dated: 4/17/12

*Saundra B Armstrong*
The Honorable Saundra Brown Armstrong
United States DistrictJudge

7
[PROPOSED] ORDER